UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV536-3-MU
(3:03CR49-8-MU)

| | |
|---|---|
| MICHAEL HENDERSON,  )  )  Petitioner,  )  )  v.  )  )  UNITED STATES OF AMERICA  )  )  Respondent.  )  ) | O R D E R |

**THIS MATTER** is before this Court upon Petitioner's "motion to Vacate Judgment Or Set Aside Sentence," filed December 27, 2005. After having carefully reviewed the Petitioner's Motion, the record of the Petitioner's criminal case and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the Petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him to pursue a direct appeal of his conviction and sentence in his underlying criminal case.

### I. FACTUAL AND PROCEDURAL

According to the record, Petitioner (along with nine other individuals) was named in a multi-count Bill of Indictment which charged in Count One that the Petitioner had conspired to possess with intent to distribute quantities of heroin, in violation of 21 U.S.C. § 841(a)(1) and 846. By a written plea agreement filed January 5, 2004 the Petitioner agreed to plead guilty to the Indictment. Among other provisions, the Petitioner's Plea Agreement contained an express waiver of his right

to file a direct appeal in this case.

Subsequently on February 3, 2004, the Petitioner appeared before Magistrate Judge Horn and plead guilty to conspiracy to possess with intent to distribute heroin. Judge Horn engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. On December 21, 2004, this Court accepted Petitioner's plea and sentenced Petitioner was sentenced to 262 months imprisonment.

The Petitioner did not directly appeal his conviction or sentence. Rather, on December 27, 2005, the Petitioner filed the instant Motion to Vacate. By this Motion, Petitioner alleges two claims of relief – the most important one being that trial counsel was ineffective for having failed to file a appeal as the Petitioner desired. In particular, Petitioner asserts that after his sentencing hearing he expected trial counsel to come see him to discuss his options. After counsel failed to come see him, Petitioner called counsel's office "at least six times over the next few days" but was told by counsel's secretary that "he was out or not available." (Petitioner's Affidavit, attached to Motion to Vacate.)

Upon careful consideration of this matter, the Court finds that the Petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. ANALYSIS

Indeed, in the United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000), the Court noted that not just the failure to file an appeal as requested, but even the failure to consult with a client concerning whether or not to appeal constitutes ineffective assistance of counsel. See also United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (an attorneys failure to file an appeal, when requested by his client – irrespective of the merits of the appeal); and Evitts v. Lucey, 469 U.S. 387, 391-05

(1985) (same).

In the instant case, Petitioner has alleged that after he was sentenced, he waited for his attorney to come visit him to discuss his "options." When his attorney did not come, Petitioner made several calls to his attorney but was told he was out of the office or not available. According to Petitioner, his attorney never returned his calls or filed an appeal, or even discussed this option with his client as he was obligated to do. Thus, even if the government were to file an answer or other response which attaches an affidavit or other document in which counsel simply denies having known that the Petitioner wanted to appeal, this Court still would be compelled to give the Petitioner the benefit of the doubt.

Accordingly, in light of Witherspoon, Evitts and Peak, the Court finds that the Petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

### III. NOTICE OF APPELLATE RIGHTS

Mr. Henderson, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you are now indigent an unable to pay for an appeal, you may request permission to proceed on

appeal without prepayment of the applicable filing fees.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the Petitioner's Motion to Vacate is **GRANTED**;

2. That the Petitioner's original Judgment is **VACATED** due to counsel's failure to file an appeal on the Petitioner's behalf;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form; and

4. That the Petitioner may appeal from his new Judgment as has been explained in this Order.

**Signed: January 5, 2006**

*[signature]*

Graham C. Mullen
Chief United States District Judge