UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-347-GCM
(3:03-cr-49-GCM-8)

| | | |
|---|---|---|
| MICHAEL HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion to vacate.

**I. BACKGROUND**

In 2005, Petitioner was sentenced in this district to a term of 262-months' imprisonment following his conviction on one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Petitioner's judgment was affirmed in all respects on appeal. United States v. Henderson, 253 Fed. App'x 306 (4th Cir. 2007), cert. denied, 552 U.S. 1238 (2008). In 2009, Petitioner filed a § 2255 motion to vacate, in which he asserted claims of ineffective assistance of counsel. This Court subsequently denied the motion on the merits. Henderson v. United States, 3:09-cv-87-GCM (W.D.N.C. Mar. 16, 2009), appeal dismissed, 332 Fed. App'x 24 (4th Cir. 2009). On around June 3, 2014, Petitioner filed a second § 2255 motion

to vacate, seeking relief based on the Fourth Circuit's recent opinion in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). Henderson v. United States, 3:14cv287-GCM (W.D.N.C. June 12, 2014). By order dated June 12, 2014, this Court denied Petitioner's § 2255 motion to vacate as a successive petition.

Petitioner placed the instant § 2255 motion to vacate in the prison mail system on June 23, 2014, and it was stamp-filed in this Court on June 24, 2014. In the pending motion to vacate, Petitioner again seeks relief under Whiteside.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted above, this is the third § 2255 motion to vacate filed by Petitioner with regard to his conviction and sentence in 3:03-cr-49-GCM-8. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the

permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion to vacate for lack of jurisdiction because the motion is an unauthorized, successive petition.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner

has failed to make the required showing.

Signed: June 25, 2014

Graham C. Mullen
United States District Judge